**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VECTOR TOBACCO LTD.<br>and<br>VECTOR TOBACCO INC. | * <br><br> * | |
| Plaintiffs | * | |
| v. | * | Case No. JFM 03CV 415 |
| LIBERTY BRANDS, LLC,<br>BARRY GARNER, and<br>BETTY MISER | *<br><br>* | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' MEMORADUM IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, VECTOR TOBACCO LTD. and VECTOR TOBACCO INC. (collectively "Plaintiffs") by their attorneys, submit this Memorandum in Opposition to Defendants' Motion to Dismiss. In support of their Opposition, Defendants rely on the Declaration of Marc N. Bell, attached hereto as Exhibit A. As will be demonstrated *infra*, Defendants' Motion to Dismiss should be denied because Plaintiffs have met their burden of establishing (1) standing to bring this lawsuit, (2) personal jurisdiction over all Defendants in Maryland, and (3) proper causes of action sufficiently plead against the Defendants, as alleged in the Complaint. Moreover, Defendants' Motion to Dismiss should be denied as it requires the Court to consider matters outside the scope of the pleadings.

I.    <u>PLAINTIFFS HAVE PROPER STANDING TO BRING THIS LAWSUIT</u>.

Defendants' attempt to avoid liability for their infringing activities involving use of Plaintiffs' KNIGHTS trademark and trade dress by alleging that Plaintiffs lack standing to bring

this lawsuit, is a baseless delaying tactic. Defendants argue that since VGR Acquisition Inc. purchased The Medallion Company, Inc. (hereinafter "Medallion"), Plaintiffs do not have proper standing to bring this lawsuit, apparently contending that VGR Acquisition Inc. should be the Plaintiff and not Vector Tobacco Ltd. or Vector Tobacco Inc. However, the Complaint simply and properly asserts that Vector Tobacco Ltd. is the current owner of the rights to the KNIGHTS mark which is used under its authority by Vector Tobacco Inc. That is all that is required to be asserted in the pleading. Notice pleading simply does not require reciting the complete chain of title of the mark in issue. Moreover, the chain of ownership of the KNIGHTS trademark and trade dress from its inception with Medallion through to the present, demonstrates that there is no question that Plaintiffs have standing to bring this lawsuit.

On February 15, 2002, VGR Acquisition Inc. (hereinafter "VGR"), a company specifically incorporated for the sole purpose of facilitating the merger of Medallion, signed an agreement with the principal stock holder of Medallion, Mr. Gary Hall, to purchase all of the stock of Medallion (hereinafter "the Transaction"). Medallion continued to exist as a separate legal entity (Bell Decl. ¶ 2; Exhibit 1).

On April 1, 2002, VGR was merged with and into Medallion. As a result of this merger, VGR ceased to exist as of April 1, 2002. On April 1, 2002, simultaneously with the merger of VGR with and into Medallion, Vector Tobacco Inc. (a Delaware corporation) was also merged with and into Medallion (Bell Decl. ¶¶ 3 and 4; Exhibit 2). Finally, also on April 1, 2002, Medallion changed its name to "Vector Tobacco Inc." (Bell Decl. ¶ 5; Exhibit 3).

As the above demonstrates, prior to the Transaction, the KNIGHTS trademark and trade dress were owned by Medallion. Notwithstanding the Transaction and subsequent mergers, the

KNIGHTS trademark and trade dress continued to be owned by the same company that created them, the only difference being that company changed its name to Vector Tobacco Inc. Thereafter, on or about, April 15, 2002, for business purposes, Vector Tobacco Inc. decided that the KNIGHTS trademark should be assigned to Vector Tobacco Ltd., a wholly owned subsidiary of Vector Tobacco Inc.  An assignment document reflecting that decision has been submitted to the U.S. Trademark Office for recording.  Vector Tobacco Ltd. and Vector Tobacco Inc. are the Plaintiffs in this lawsuit (Bell Decl. ¶ 6; Exhibit 4).[1]  All of the documents evidencing Plaintiffs' claim of ownership of the KNIGHTS trademark and trade dress are public documents and have been filed with the appropriate Federal or State authorities, as the case may be (Bell Decl. ¶ 7).

Accordingly, as demonstrated above, Vector Tobacco Ltd. and Vector Tobacco Inc. clearly have standing to bring this lawsuit, and Defendants' Motion to Dismiss Plaintiffs' claims based on a lack of standing pursuant to Fed. R. Civ. P. 17 should be denied in its entirety.[2] Alternatively, since the Defendants have not yet filed a responsive pleading to the Complaint, Plaintiffs will file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a), if the Court deems it necessary.  *See Mellon Bank v. Ternisky,* 999 F.2d 791, 795 (4th Cir. 1993) (holding that a motion to dismiss filed in response to a complaint, prior to filing an answer, is not considered a pleading).

---

[1]/    Moreover, Plaintiffs' Complaint adequately alleges ownership of the KNIGHTS trademark and trade dress such that any dispute concerning ownership is a question of fact and, therefore, should not be subject to summary disposition pursuant to a motion to dismiss.

II.     THE DEFENDANTS ARE SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT.

Defendants also seek to dismiss all claims brought against Barry Garner and Betty Miser arguing that this Court lacks personal jurisdiction over them.  Not surprisingly, Defendants have not challenged this Court's personal jurisdiction over defendant Liberty Brands and, therefore, admit that, at least as to Liberty Brands, this Court has personal jurisdiction.  But, personal jurisdiction over defendants Garner and Miser is also proper.

a)     Standard Of Review

When a defendant seeks to dismiss a plaintiff's cause of action due to the lack of personal jurisdiction, the plaintiff bears the burden of establishing, by a preponderance of the evidence, grounds for jurisdiction.  *Mylan Laboratories, Inc. V. Akzo. N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993).  If, however, the motion to dismiss is decided without the benefit of a full evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.  *Owens-Illinois, Inc. V. Rapid Am. Corp.*, 124 F.3d 619, 628 (4th Cir. 1997).  Moreover, the Court must draw all reasonable inferences arising from the proof, and resolve all factual issues in favor of the plaintiff.  *Mylan,* 2 F.3d at 60.

"A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process."  *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993).  Because Maryland's long-arm statute confers jurisdiction

---

2/     To the extent Plaintiffs have satisfied the Court that they have standing to bring this lawsuit, Defendants argument that the Court should not exercise supplemental jurisdiction over Count VIII of the Complaint is moot.  (See Defendants' Motion to Dismiss at p. 6).

to the full extent afforded under the Constitution, the analysis of personal jurisdiction typically combines these two factors. *See* Md. Code Ann., Cts & Jud. Pro. § 6-103; *Ottenheimer Publishers, Inc. V. Playmore, Inc.*, 158 F. Supp.2d 649, 652-53 (D. Md. 2001).

      b)    <u>Maryland's Long-Arm Statute</u>

        Maryland's long-arm statute reads in pertinent part:

> (b)    A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> > (4)  Causes tortious injury in the State or outside of the State by an act or omission *outside the State* if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State. (Emphasis added)

Md. Code Ann., Cts & Jud. Pro. § 6-103.

Clearly, Maryland's long-arm statute permits its courts to exercise personal jurisdiction over non-residents if it can be established that tortious conduct committed outside the State has in fact caused harm within the State. Here, Defendants argue in essence that, because Garner and Miser have never had a presence in the State of Maryland, they are not subject to personal jurisdiction in this State. Defendants' argument misses the point and ignores the plain language of Maryland's long-arm statute.

The Complaint in this action clearly alleges conduct by both Garner and Miser that occurred in Virginia but have caused a tortious injury in Maryland. Both Garner and Miser had a fiduciary duty as officers of Medallion to protect its assets. Instead, as alleged in the Complaint, they assisted Liberty Brands in confiscating the KNIGHTS trademark and trade dress and then using them in Maryland in contravention of Plaintiffs' rights therein. Such acts have and

continue to cause harm to Plaintiffs in Maryland.  Defendants' infringing activities in Maryland are systematic and continuous, and were made possible, in part, by Garner's and Miser's acts. Through the infringing activities in Maryland by Liberty Brands, of which Mr. Garner is an owner and principal controlling force, all of the Defendants are deriving substantial revenue from the sale of cigarettes in Maryland and therefore have the requisite minimum contacts with the State of Maryland.  Thus, the maintenance of this lawsuit does not "offend traditional notions of fair play and substantial justice."  *See Atlantech Distrb., Inc. V. Credit General Inns. Co.*, 30 F. Supp.2d 534, 536 (D. Md. 1998) (*quoting International Shoe Co. V. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154 (1945)).  Accordingly, this Court has personal jurisdiction over all of the Defendants and their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be denied.

III.   <u>PLAINTIFFS HAVE PLEAD FACTS SUFFICIENT TO SUSTAIN A MOTION TO DISMISS</u>.

Defendants also ask this Court to dismiss Plaintiffs' Complaint, in its entirety, alleging that Plaintiffs have accused "individuals of fraudulent behavior" but have failed to plead allegations of fraud with specificity as required by Fed. R. Civ. P. 9(b).  (*See* Defendants' Motion to Dismiss pp. 7-8).  However, Plaintiffs' Complaint does not assert a claim against any of the Defendants based on fraud.  Plaintiffs assert 1) trademark, trade dress, and unfair competition claims pursuant to the Lanham Act and the common law of the State of Maryland (see Complaint Counts I-VI), 2) a claim for breach of fiduciary duty against defendants Garner and Miser (see Complaint Count VII) , and 3) a claim of interference with business relations (see Complaint Count VIII).

Rule 9 of the Fed. R. Civ. P. requires that "all averments of fraud ... shall be stated with particularity."  And it further clarifies that "intent, knowledge, and other condition of mind of a

person may be averred generally." All of the claims in this case relate to Defendants' deceitful acts in using Plaintiffs' trademarks and trade dress to sell Defendants' products. Under the Rule, such acts may be and are averred generally. The only paragraph of the Complaint that Defendants assert even uses the word "fraud" is Paragraph 88 within Count VIII for Interference With Business Relations. The term "fraud" is not being used in support of a cause of action for fraud against Defendants, but rather is used to refer to Defendants' fraudulent acts in "passing-off" products to customers using Plaintiffs' trade mark and trade dress as Defendants' lawful products. The basis for that assertion is more than adequately plead by the particular facts set forth, for example, in Paragraphs 14, 16, 23, 25, 27, 28, 30, 32, 33, 34, 35, and 37-45 of the Complaint.

Accordingly, the claims alleged in the Complaint require Plaintiffs to provide only general or notice pleading or otherwise to support the claims by particular factual allegations, and not detailed fact pleading required by Fed. R. Civ. P. 9(b), when alleging a cause of action based on fraud. *Swierkiewicz v. Sorema N.A.,* __ U.S. __, 122 S.Ct. 992, 998 (2002) (finding that allegations governed by Fed. R. Civ. P. 9(b) require a more demanding standard of pleading than set forth in Fed. R. Civ. P. 8(a)). Plaintiffs have sufficiently plead each of the eight Counts in their Complaint, and Defendants attempt to have any of these Counts dismissed for failure to plead with the degree of specificity required by Fed. R. Civ. P. 9(b), should be denied.

IV.   DEFENDANTS' MOTION TO DISMISS FOR  FAILURE TO STATE A CLAIM SHOULD BE DENIED.

Defendants also seek to have Counts VII and VIII of the Complaint dismissed as to defendants Garner and Miser, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. In order to prevail on this defense, Defendants

have the burden of proving that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222 (1991) (party moving for dismissal must bear the burden of persuasion). To establish that no claim has been stated, Defendants are required to prove, beyond doubt, that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957) (movant must show beyond doubt that the plaintiff can prove no set of facts in support of its claims). Moreover, the Court must accept well-pleaded allegations in the Complaint as true, and all facts and inferences must be construed in the light most favorable to Plaintiffs. *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). And finally, the Court must look to the facts in the pleadings and should not consider extraneous evidence, unless it intends to convert Defendants' motion into one for summary judgment pursuant to Fed. R. Civ. P. 56, in which case, Plaintiffs are entitled to proper notice and an opportunity to supplement their pleadings. *Laughlin v. Metropolitan Washington Airports,* 149 F.3d 253, 260-261 (4th Cir. 1998).

With respect to Count VII, Defendants' only argument is that the claim of breach of fiduciary duty arises under Virginia law. That fact, even if true, is not a basis to dismiss for failure to state a claim. As described above, the Court has federal jurisdiction over Garner and Miser and, therefore, can hear a related state claim, whether it arises under Virginia or Maryland law. *See* 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966) (holding that district court with valid jurisdiction over federal claim, may exercise

jurisdiction over additional state claims if they arose out of a common nucleus of operative facts).[3]

With respect to Count VIII, Defendants' only objection is that the Complaint fails to specifically identify any alleged relations that Garner and Miser interfered with. Defendants cite no authority for the proposition that such specificity is required. The Fed. R. Civ. P., unless specifically noted otherwise, only require notice pleading. In any event, Paragraph 88 of the Complaint identifies "Vector's distributors and retailers" as the parties from whom Defendants have diverted business. Defendants know well who that refers to as they know who they sell their infringing products to. However, as noted above, Defendants have not filed a responsive pleading, and Plaintiffs can amend the Complaint to identify the retailer(s)/distributor(s) involved if the Court deems it necessary.

In support of their Motion to Dismiss, Defendants submitted the Declarations of Mr. Garner and Ms. Miser, which contain factual statements. Since these declarations are not part of the "pleadings" in this lawsuit, the Court can only consider them if it intends to convert Defendants' motion for dismissal into one for summary judgment pursuant to Fed. R. Civ. P. 56. If the Court considers the Declarations and thereby converts Defendants' motion into one for summary judgment, Plaintiffs request the Court's permission pursuant to Fed. R. Civ. P. 56(f) to conduct discovery in order to properly respond to a motion for summary judgment.

---

[3]    The Complaint asserts the claim in Count VII arises under Maryland law. Plaintiffs submit that Defendants' acts in Virginia, which result in diversion of Plaintiffs' sales in Maryland, are as much a breach of Maryland laws concerning a corporate official's fiduciary obligations as they are a breach of Virginia laws.

In any event, Defendants have failed to establish that Plaintiffs can prove no set of facts set forth in the Complaint (and particularly those of Paragraphs 82 and 88) that would support a finding in Plaintiffs' favor. At best, Defendants offer their own version of the facts of this case, but do not prove, beyond doubt, that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Accordingly, their motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) must be denied.

<u>CONCLUSION</u>

For all of the reasons discussed above, Defendants' Motion to Dismiss should be denied in its entirety.

Date:  April 4, 2003                    By:_____
       Baltimore, Maryland                  Charles F. Morgan, Federal Bar No. 00436.
                                            Harry M. Rifkin, Federal Bar No. 01333
                                            HODES, ULMAN, PESSIN & KATZ, P.A.
                                            901 Dulaney Valley Road, Suite 400
                                            Towson, Maryland  21204-2600

                                            Attorneys for Plaintiffs,
                                            VECTOR TOBACCO LTD., and
                                            VECTOR TOBACCO INC.

<u>Of Counsel</u>

Pasquale A. Razzano
James M. Gibson
FITZPATRICK, CELLA,
   HARPER & SCINTO
30 Rockefeller Plaza
New York, New York  10112
Telephone:  (212) 218-2100
Facsimile:  (212) 218-2200

- 10 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VECTOR TOBACCO LTD.<br>and<br>VECTOR TOBACCO INC. | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | Case No. JFM 03CV 415 |
| LIBERTY BRANDS, LLC,<br>BARRY GARNER, and<br>BETTY MISER | * | |
| | * | |
| Defendants | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**PLAINTIFFS' MEMORADUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, VECTOR TOBACCO LTD. and VECTOR TOBACCO INC. (collectively "Plaintiffs") by their attorneys, submit this Memorandum in Opposition to Defendants' Motion to Dismiss.  In support of their Opposition, Defendants rely on the Declaration of Marc N. Bell, attached hereto as Exhibit A. As will be demonstrated *infra*, Defendants' Motion to Dismiss should be denied because Plaintiffs have met their burden of establishing (1) standing to bring this lawsuit, (2) personal jurisdiction over all Defendants in Maryland, and (3) proper causes of action sufficiently plead against the Defendants, as alleged in the Complaint.  Moreover, Defendants' Motion to Dismiss should be denied as it requires the Court to consider matters outside the scope of the pleadings.

I.     <u>PLAINTIFFS HAVE PROPER STANDING TO BRING THIS LAWSUIT</u>.

Defendants' attempt to avoid liability for their infringing activities involving use of Plaintiffs' KNIGHTS trademark and trade dress by alleging that Plaintiffs lack standing to bring

this lawsuit, is a baseless delaying tactic.  Defendants argue that since VGR Acquisition Inc. purchased The Medallion Company, Inc. (hereinafter "Medallion"), Plaintiffs do not have proper standing to bring this lawsuit, apparently contending that VGR Acquisition Inc. should be the Plaintiff and not Vector Tobacco Ltd. or Vector Tobacco Inc.  However, the Complaint simply and properly asserts that Vector Tobacco Ltd. is the current owner of the rights to the KNIGHTS mark which is used under its authority by Vector Tobacco Inc.  That is all that is required to be asserted in the pleading.  Notice pleading simply does not require reciting the complete chain of title of the mark in issue.  Moreover, the chain of ownership of the KNIGHTS trademark and trade dress from its inception with Medallion through to the present, demonstrates that there is no question that Plaintiffs have standing to bring this lawsuit.

On February 15, 2002, VGR Acquisition Inc. (hereinafter "VGR"), a company specifically incorporated for the sole purpose of facilitating the merger of Medallion, signed an agreement with the principal stock holder of Medallion, Mr. Gary Hall, to purchase all of the stock of Medallion (hereinafter "the Transaction").  Medallion continued to exist as a separate legal entity (Bell Decl. ¶ 2; Exhibit 1).

On April 1, 2002, VGR was merged with and into Medallion.  As a result of this merger, VGR ceased to exist as of April 1, 2002.  On April 1, 2002, simultaneously with the merger of VGR with and into Medallion, Vector Tobacco Inc. (a Delaware corporation) was also merged with and into Medallion (Bell Decl. ¶¶ 3 and 4; Exhibit 2).   Finally, also on April 1, 2002, Medallion changed its name to "Vector Tobacco Inc." (Bell Decl. ¶ 5; Exhibit 3).

As the above demonstrates, prior to the Transaction, the KNIGHTS trademark and trade dress were owned by Medallion.  Notwithstanding the Transaction and subsequent mergers, the

- 2 -

KNIGHTS trademark and trade dress continued to be owned by the same company that created them, the only difference being that company changed its name to Vector Tobacco Inc. Thereafter, on or about, April 15, 2002, for business purposes, Vector Tobacco Inc. decided that the KNIGHTS trademark should be assigned to Vector Tobacco Ltd., a wholly owned subsidiary of Vector Tobacco Inc.  An assignment document reflecting that decision has been submitted to the U.S. Trademark Office for recording.  Vector Tobacco Ltd. and Vector Tobacco Inc. are the Plaintiffs in this lawsuit (Bell Decl. ¶ 6; Exhibit 4).[1]  All of the documents evidencing Plaintiffs' claim of ownership of the KNIGHTS trademark and trade dress are public documents and have been filed with the appropriate Federal or State authorities, as the case may be (Bell Decl. ¶ 7).

Accordingly, as demonstrated above, Vector Tobacco Ltd. and Vector Tobacco Inc. clearly have standing to bring this lawsuit, and Defendants' Motion to Dismiss Plaintiffs' claims based on a lack of standing pursuant to Fed. R. Civ. P. 17 should be denied in its entirety.[2] Alternatively, since the Defendants have not yet filed a responsive pleading to the Complaint, Plaintiffs will file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a), if the Court deems it necessary.  *See Mellon Bank v. Ternisky,* 999 F.2d 791, 795 (4th Cir. 1993) (holding that a motion to dismiss filed in response to a complaint, prior to filing an answer, is not considered a pleading).

---

[1]/    Moreover, Plaintiffs' Complaint adequately alleges ownership of the KNIGHTS trademark and trade dress such that any dispute concerning ownership is a question of fact and, therefore, should not be subject to summary disposition pursuant to a motion to dismiss.

- 3 -

II.    THE DEFENDANTS ARE SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT.

Defendants also seek to dismiss all claims brought against Barry Garner and Betty Miser arguing that this Court lacks personal jurisdiction over them. Not surprisingly, Defendants have not challenged this Court's personal jurisdiction over defendant Liberty Brands and, therefore, admit that, at least as to Liberty Brands, this Court has personal jurisdiction. But, personal jurisdiction over defendants Garner and Miser is also proper.

a)    Standard Of Review

When a defendant seeks to dismiss a plaintiff's cause of action due to the lack of personal jurisdiction, the plaintiff bears the burden of establishing, by a preponderance of the evidence, grounds for jurisdiction. *Mylan Laboratories, Inc. V. Akzo. N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). If, however, the motion to dismiss is decided without the benefit of a full evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Owens-Illinois, Inc. V. Rapid Am. Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). Moreover, the Court must draw all reasonable inferences arising from the proof, and resolve all factual issues in favor of the plaintiff. *Mylan,* 2 F.3d at 60.

"A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). Because Maryland's long-arm statute confers jurisdiction

---

[2/]    To the extent Plaintiffs have satisfied the Court that they have standing to bring this lawsuit, Defendants argument that the Court should not exercise supplemental jurisdiction over Count VIII of the Complaint is moot. (See Defendants' Motion to Dismiss at p. 6).

to the full extent afforded under the Constitution, the analysis of personal jurisdiction typically combines these two factors. *See* Md. Code Ann., Cts & Jud. Pro. § 6-103; *Ottenheimer Publishers, Inc. V. Playmore, Inc.*, 158 F. Supp.2d 649, 652-53 (D. Md. 2001).

        b)    <u>Maryland's Long-Arm Statute</u>

        Maryland's long-arm statute reads in pertinent part:

> (b)    A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> > (4)  Causes tortious injury in the State or outside of the State by an act or omission *outside the State* if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State. (Emphasis added)

Md. Code Ann., Cts & Jud. Pro. § 6-103.

        Clearly, Maryland's long-arm statute permits its courts to exercise personal jurisdiction over non-residents if it can be established that tortious conduct committed outside the State has in fact caused harm within the State.  Here, Defendants argue in essence that, because Garner and Miser have never had a presence in the State of Maryland, they are not subject to personal jurisdiction in this State.  Defendants' argument misses the point and ignores the plain language of Maryland's long-arm statute.

        The Complaint in this action clearly alleges conduct by both Garner and Miser that occurred in Virginia but have caused a tortious injury in Maryland.  Both Garner and Miser had a fiduciary duty as officers of Medallion to protect its assets.  Instead, as alleged in the Complaint, they assisted Liberty Brands in confiscating the KNIGHTS trademark and trade dress and then using them in Maryland in contravention of Plaintiffs' rights therein.  Such acts have and

continue to cause harm to Plaintiffs in Maryland.  Defendants' infringing activities in Maryland are systematic and continuous, and were made possible, in part, by Garner's and Miser's acts. Through the infringing activities in Maryland by Liberty Brands, of which Mr. Garner is an owner and principal controlling force, all of the Defendants are deriving substantial revenue from the sale of cigarettes in Maryland and therefore have the requisite minimum contacts with the State of Maryland.  Thus, the maintenance of this lawsuit does not "offend traditional notions of fair play and substantial justice."  *See Atlantech Distrb., Inc. V. Credit General Inns. Co.*, 30 F. Supp.2d 534, 536 (D. Md. 1998) (*quoting International Shoe Co. V. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154 (1945)).  Accordingly, this Court has personal jurisdiction over all of the Defendants and their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be denied.

III.    <u>PLAINTIFFS HAVE PLEAD FACTS SUFFICIENT TO SUSTAIN A MOTION TO DISMISS</u>.

Defendants also ask this Court to dismiss Plaintiffs' Complaint, in its entirety, alleging that Plaintiffs have accused "individuals of fraudulent behavior" but have failed to plead allegations of fraud with specificity as required by Fed. R. Civ. P. 9(b).  (*See* Defendants' Motion to Dismiss pp. 7-8).  However, Plaintiffs' Complaint does not assert a claim against any of the Defendants based on fraud.  Plaintiffs assert 1) trademark, trade dress, and unfair competition claims pursuant to the Lanham Act and the common law of the State of Maryland (see Complaint Counts I-VI), 2) a claim for breach of fiduciary duty against defendants Garner and Miser (see Complaint Count VII) , and 3) a claim of interference with business relations (see Complaint Count VIII).

Rule 9 of the Fed. R. Civ. P. requires that "all averments of fraud ... shall be stated with particularity."  And it further clarifies that "intent, knowledge, and other condition of mind of a

person may be averred generally." All of the claims in this case relate to Defendants' deceitful acts in using Plaintiffs' trademarks and trade dress to sell Defendants' products. Under the Rule, such acts may be and are averred generally. The only paragraph of the Complaint that Defendants assert even uses the word "fraud" is Paragraph 88 within Count VIII for Interference With Business Relations. The term "fraud" is not being used in support of a cause of action for fraud against Defendants, but rather is used to refer to Defendants' fraudulent acts in "passing-off" products to customers using Plaintiffs' trade mark and trade dress as Defendants' lawful products. The basis for that assertion is more than adequately plead by the particular facts set forth, for example, in Paragraphs 14, 16, 23, 25, 27, 28, 30, 32, 33, 34, 35, and 37-45 of the Complaint.

Accordingly, the claims alleged in the Complaint require Plaintiffs to provide only general or notice pleading or otherwise to support the claims by particular factual allegations, and not detailed fact pleading required by Fed. R. Civ. P. 9(b), when alleging a cause of action based on fraud. *Swierkiewicz v. Sorema N.A.*, __ U.S. __, 122 S.Ct. 992, 998 (2002) (finding that allegations governed by Fed. R. Civ. P. 9(b) require a more demanding standard of pleading than set forth in Fed. R. Civ. P. 8(a)). Plaintiffs have sufficiently plead each of the eight Counts in their Complaint, and Defendants attempt to have any of these Counts dismissed for failure to plead with the degree of specificity required by Fed. R. Civ. P. 9(b), should be denied.

IV.   DEFENDANTS' MOTION TO DISMISS FOR  FAILURE TO STATE A CLAIM SHOULD BE DENIED.

Defendants also seek to have Counts VII and VIII of the Complaint dismissed as to defendants Garner and Miser, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. In order to prevail on this defense, Defendants

- 7 -

have the burden of proving that no claim has been stated.  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222 (1991) (party moving for dismissal must bear the burden of persuasion).  To establish that no claim has been stated, Defendants are required to prove, beyond doubt, that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957) (movant must show beyond doubt that the plaintiff can prove no set of facts in support of its claims).  Moreover, the Court must accept well-pleaded allegations in the Complaint as true, and all facts and inferences must be construed in the light most favorable to Plaintiffs.  *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997).  And finally, the Court must look to the facts in the pleadings and should not consider extraneous evidence, unless it intends to convert Defendants' motion into one for summary judgment pursuant to Fed. R. Civ. P. 56, in which case, Plaintiffs are entitled to proper notice and an opportunity to supplement their pleadings. *Laughlin v. Metropolitan Washington Airports,* 149 F.3d 253, 260-261 (4th Cir. 1998).

With respect to Count VII, Defendants' only argument is that the claim of breach of fiduciary duty arises under Virginia law.  That fact, even if true, is not a basis to dismiss for failure to state a claim.  As described above, the Court has federal jurisdiction over Garner and Miser and, therefore, can hear a related state claim, whether it arises under Virginia or Maryland law.  *See* 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966) (holding that district court with valid jurisdiction over federal claim, may exercise

- 8 -

jurisdiction over additional state claims if they arose out of a common nucleus of operative facts).[3]

With respect to Count VIII, Defendants' only objection is that the Complaint fails to specifically identify any alleged relations that Garner and Miser interfered with. Defendants cite no authority for the proposition that such specificity is required. The Fed. R. Civ. P., unless specifically noted otherwise, only require notice pleading. In any event, Paragraph 88 of the Complaint identifies "Vector's distributors and retailers" as the parties from whom Defendants have diverted business. Defendants know well who that refers to as they know who they sell their infringing products to. However, as noted above, Defendants have not filed a responsive pleading, and Plaintiffs can amend the Complaint to identify the retailer(s)/distributor(s) involved if the Court deems it necessary.

In support of their Motion to Dismiss, Defendants submitted the Declarations of Mr. Garner and Ms. Miser, which contain factual statements. Since these declarations are not part of the "pleadings" in this lawsuit, the Court can only consider them if it intends to convert Defendants' motion for dismissal into one for summary judgment pursuant to Fed. R. Civ. P. 56. If the Court considers the Declarations and thereby converts Defendants' motion into one for summary judgment, Plaintiffs request the Court's permission pursuant to Fed. R. Civ. P. 56(f) to conduct discovery in order to properly respond to a motion for summary judgment.

---

[3] The Complaint asserts the claim in Count VII arises under Maryland law. Plaintiffs submit that Defendants' acts in Virginia, which result in diversion of Plaintiffs' sales in Maryland, are as much a breach of Maryland laws concerning a corporate official's fiduciary obligations as they are a breach of Virginia laws.

In any event, Defendants have failed to establish that Plaintiffs can prove no set of facts set forth in the Complaint (and particularly those of Paragraphs 82 and 88) that would support a finding in Plaintiffs' favor.  At best, Defendants offer their own version of the facts of this case, but do not prove, beyond doubt, that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief.  Accordingly, their motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) must be denied.

<u>CONCLUSION</u>

For all of the reasons discussed above, Defendants' Motion to Dismiss should be denied in its entirety.

Date:   April 4, 2003                    By:_____
        Baltimore, Maryland                  Charles F. Morgan, Federal Bar No. 00436.
                                             Harry M. Rifkin, Federal Bar No. 01333
                                             HODES, ULMAN, PESSIN & KATZ, P.A.
                                             901 Dulaney Valley Road, Suite 400
                                             Towson, Maryland  21204-2600

                                             Attorneys for Plaintiffs,
                                             VECTOR TOBACCO LTD., and
                                             VECTOR TOBACCO INC.

<u>Of Counsel</u>

Pasquale A. Razzano
James M. Gibson
FITZPATRICK, CELLA,
   HARPER & SCINTO
30 Rockefeller Plaza
New York, New York  10112
Telephone:  (212) 218-2100
Facsimile:  (212) 218-2200

- 10 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of April, 2003, a copy of the aforegoing PLAINTIFFS' MEMORADUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS was filed electronically and was mailed first-class, postage prepaid to:

        John J. McDermott
        Hall, Estill, Hardwick, et al.
        1120 20th Street, N.W.
        Suite 700 North
        Washington, DC 20036

                                     _____

                                     Charles F. Morgan

- 11 -