Exhibit 2



# Delaware

PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"VECTOR TOBACCO INC.", A DELAWARE CORPORATION,

"VGR ACQUISITION INC", A DELAWARE CORPORATION,

WITH AND INTO "THE MEDALLION COMPANY, INC." UNDER THE NAME OF "VECTOR TOBACCO INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF VIRGINIA, AS RECEIVED AND FILED IN THIS OFFICE THE FIRST DAY OF APRIL, A.D. 2002, AT 3 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.



Harriet Smith Windsor, Secretary of State

3509210  8100M                         AUTHENTICATION: 1700055

020209773                                       DATE: 04-03-02

APR. 2. 2002  5:12PM     CORPORATE TRUST CENTER

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 03:00 PM 04/01/2002
020209773 - 3117791

# CERTIFICATE OF MERGER

## OF

## VECTOR TOBACCO INC.

## AND

## VGR ACQUISITION INC.

## AND

## THE MEDALLION COMPANY, INC.

It is hereby certified that:

1. The constituent business corporations participating in the merger herein certified are:

   (i) Vector Tobacco Inc., which is incorporated under the laws of the State of Delaware;

   (ii) VGR Acquisition Inc., which is incorporated under the laws of the state of Delaware; and

   (iii) The Medallion Company, Inc., which is incorporated under the laws of the Commonwealth of Virginia.

2. An Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the aforesaid constituent corporations in accordance with the provisions of subsection of Section 252 of the Delaware General Corporation Law, to wit, by Vector Tobacco Inc. and VGR Acquisition Inc., each a Delaware corporation in the same manner as is provided in Section 251 of the Delaware General Corporation Law and by The Medallion Company, Inc. in accordance with the laws of the State of its incorporation.

3. The name of the surviving corporation in the merger herein certified is The Medallion Company, Inc., which will continue its existence as said surviving corporation under the name Vector Tobacco Inc. upon the effective date of said merger pursuant to the provisions of the laws of the State of its incorporation.

4. The certificate of incorporation of The Medallion Company, Inc., as now in force and effect, shall continue to be the certificate of incorporation of said surviving corporation until amended and changed pursuant to the provisions of the laws of the State of its incorporation.

5. An executed copy of the Agreement of Merger between the aforesaid constituent corporations is on file at the principal place of business of the aforesaid surviving corporation, the address of which is as follows: Vector Tobacco Inc., 250 Crown Boulevard, Timberlake, North Carolina 27583.

6. A copy of the aforesaid Agreement of Merger will be furnished by the aforesaid surviving corporation, on request, and without cost, to any shareholder of each of the aforesaid constituent corporations.

7. The aforesaid surviving corporation does hereby agree that it may be served with process in the State of Delaware in any proceeding for enforcement of any obligations of Vector Tobacco Inc. or VGR Acquisition Inc., as well as for enforcement of any obligation of said surviving corporation arising from the merger herein certified, including any suit or other proceeding to enforce the rights, if any, of any shareholders of Vector Tobacco Inc. or VGR Acquisition Inc. as determined in appraisal proceedings pursuant to the provisions of Section 262 of the Delaware General Corporation Law; does hereby irrevocably appoint the Secretary of State of the State of Delaware as its agent to accept service of process in any such suit or other proceedings; and does hereby specify the following as the address to which a copy of such process shall be mailed by the Secretary of State of the State of Delaware: Vector Tobacco Inc., 250 Crown Boulevard, Timberlake, North Carolina 27583.

Executed on the 1st day of April, 2002.

THE MEDALLION COMPANY, INC.

By: _____
Name: Richard J. Lampen
Title: President

By: _____
Name: Joselynn D. Van Siclen
Title: Vice President

Exhibit 3

ARTICLES OF MERGER OF

VECTOR TOBACCO INC. ⎤ Non-dom
VGR ACQUISITION INC. ⎦
THE MEDALLION COMPANY, INC — Dom.

The undersigned corporations, pursuant to Title 13.1, Chapter 9, Article 12 of the Code of Virginia, hereby execute the following articles of merger and set forth:

ONE

VGR Acquisition Inc. and Vector Tobacco Inc., each a Delaware corporation, will merge into The Medallion Company, Inc., a Virginia corporation, which will be the surviving corporation. In the merger, the outstanding shares of stock of VGR Acquisition Inc. will be converted into an aggregate of 50 shares of common stock of The Medallion Company, Inc., and the outstanding shares of stock of Vector Tobacco Inc. will also be converted into an aggregate of 50 shares of common stock of The Medallion Company, Inc. Each share of capital stock of The Medallion Company, Inc. outstanding at the time of the merger will be cancelled. The merger is permitted by the law of Delaware, and each Delaware constituent corporation has complied with that law in effecting the merger. The name of the surviving corporation will be changed to Vector Tobacco Inc.

TWO

The plan of merger ~~or share exchange~~ was adopted by unanimous consent of the shareholders of each Corporation.

The undersigned authorized officer declares that the facts herein stated are true as of April 1, 2002.

VECTOR TOBACCO INC.

By: _____
Name:  Marc N. Bell
Title:  Senior Vice President

VGR ACQUISITION INC.

By: _____
Name:  Richard J. Lampen
Title:  Executive Vice President

THE MEDALLION COMPANY, INC.

By: _____
Name:  Richard J. Lampen
Title:  President

h:\user\smg\worddoc\medallion\virginia articles of merger(v2).doc

0469701 - 7

# COMMONWEALTH OF VIRGINIA
# STATE CORPORATION COMMISSION

April 1, 2002

The State Corporation Commission finds the accompanying articles submitted on behalf of

## Vector Tobacco Inc.

to comply with the requirements of law. Therefore, it is ORDERED that this

## CERTIFICATE OF MERGER

be issued and admitted to record with the articles in the office of the Clerk of the Commission. Each of the following:

2 DE CORPS NON-DOM IN VA

is merged into Vector Tobacco Inc. (formerly MEDALLION COMPANY, INC., THE), which continues to exist under the laws of VIRGINIA with the name Vector Tobacco Inc.. The existence of each non-surviving entity ceases, according to the plan of merger.

The certificate is effective on April 1, 2002.

STATE CORPORATION COMMISSION

By *T.V. Morrison*

Commissioner

MERGACPT
CIS0322
02-04-01-3010

04/01/03 TUE 11:22 FAX 3055798016        VECTOR GROUP LTD                    ☒015

# Commonwealth of Virginia



## State Corporation Commission

*I Certify the Following from the Records of the Commission:*

The foregoing is a true copy of the articles of merger filed in this office April 1, 2002 by Vector Tobacco Inc.

Nothing more is hereby certified.



*Signed and Sealed at Richmond on this Date:*
*April 5, 2002*

_____
Joel H. Peck, Clerk of the Commission

CIS0505

Exhibit 4

| Form PTO-1594<br>(Rev. 10/02)<br>OMB No. 0651-0027 (exp. 6/30/2005) | RECORDATION FORM COVER SHEET<br>**TRADEMARKS ONLY** | U.S. DEPARTMENT OF COMMERCE<br>U.S. Patent and Trademark Office |
|---|---|---|

Tab settings ⇒ ⇒ ⇒ ▼ ▼ ▼ ▼ ▼ ▼ ▼

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

**1. Name of conveying party(ies):**
Vector Tobacco Inc.
250 Crown Boulevard
Timberlake, NC 27582

☐ Individual(s)  ☐ Association
☐ General Partnership  ☐ Limited Partnership
☒ Corporation-State  Virginia
☐ Other _____

Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No

**2. Name and address of receiving party(ies)**
Name: Vector Tobacco Ltd.
Internal Address: _____
Street Address: Clarendon House, 2 Church Street
City: Hamilton  State: Bermuda  Zip: HM11

☐ Individual(s) citizenship _____
☐ Association _____
☐ General Partnership _____
☐ Limited Partnership _____
☒ Corporation-State  Bermuda
☐ Other _____

If assignee is not domiciled in the United States, a domestic representative designation is attached: ☐ Yes ☒ No
(Designations must be a separate document from assignment)
Additional name(s) & address(es) attached? ☐ Yes ☒ No

**3. Nature of conveyance:**
☒ Assignment  ☐ Merger
☐ Security Agreement  ☐ Change of Name
☐ Other _____
Execution Date: April 15, 2002

**4. Application number(s) or registration number(s):**

A. Trademark Application No.(s)
76/395,394

B. Trademark Registration No.(s)

Additional number(s) attached ☐ Yes ☒ No

**5. Name and address of party to whom correspondence concerning document should be mailed:**
Name: James M. Gibson
Internal Address: Fitzpatrick, Cella, Harper & Scinto

Street Address: 30 Rockefeller Plaza

City: New York  State: NY  Zip: 10112

**6. Total number of applications and registrations involved:** 1

**7. Total fee (37 CFR 3.41)** $ 40.00
☐ Enclosed
☒ Authorized to be charged to deposit account

**8. Deposit account number:**
06-1205

(Attach duplicate copy of this page if paying by deposit account)

DO NOT USE THIS SPACE

**9. Statement and signature.**
To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

James M. Gibson   _[signature]_   April 3, 2003
Name of Person Signing   Signature   Date

Total number of pages including cover sheet, attachments, and document: 3

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patent & Trademarks, Box Assignments
Washington, D.C. 20231

## ASSIGNMENT

WHEREAS, VECTOR TOBACCO INC. is a corporation organized and existing under the laws of the Commonwealth of Virginia, and having a place of business at 250 Crown Boulevard, Timberlake, North Carolina 27582 (hereinafter referred to as "Assignor"); and

WHEREAS, VECTOR TOBACCO LTD. is a corporation organized and existing under the laws of Bermuda, and having a place of business at Clarendon House, 2 Church Street, Hamilton, Bermuda HM 11 (hereinafter referred to as "Assignee"); and

WHEREAS, Assignor is the owner of, and has adopted and used in its business in connection with the sale of cigarettes in U.S. commerce, the trademark KNIGHTS as shown in United States application Serial No. 76/395,394; and

WHEREAS, Assignee is desirous of acquiring said mark and the application thereof; and

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, said Assignor does hereby assign and transfer to said Assignee, *nunc pro tunc* as of April 15, 2002, all right, title and interest in and to the KNIGHTS trademark and application Serial No. 76/395,394, together with the goodwill connected with the use of and symbolized by the mark and with the right to recover and have damages and profits for past infringement.

Dated: April 3, 2003

VECTOR TOBACCO INC.

Signature: *[signature]*

Name: STEVE T. ZELSON

Title: VICE PRESIDENT