UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VECTOR TOBACCO LTD.<br><br>and<br><br>VECTOR TOBACCO INC.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LIBERTY BRANDS LLC<br><br>and<br><br>BARRY GARNER<br><br>and<br><br>BETTY MISER<br><br>　　　　Defendants. | Civil Action No. JFM 03 CV-415 |

## ANSWER OF DEFENDANT BETTY MISER

　　　　Defendant, Betty Miser ("Defendant" or "Ms. Miser"), by counsel, submits this Answer in response to the Complaint filed herein.

### NATURE OF ACTION

1. Paragraph 1 of the Complaint is a characterization of the lawsuit, which requires no response.

### PARTIES

2. Defendant lacks sufficient information to respond to the allegations in paragraph 2 of the Complaint.

3. Defendant lacks sufficient information to respond to the allegations in paragraph 3 of the Complaint.

4. Defendant lacks sufficient information to respond to the allegations in paragraph 4 of the Complaint.

5. Defendant lacks sufficient information to respond to the allegations in the first sentence of paragraph 5 of the Complaint. Defendant denies the allegations in the second sentence of the paragraph that Vector Tobacco Ltd. owns the KNIGHTS trademark and denies that Vector Tobacco Inc. has used the KNIGHTS trademark. The third sentence of the paragraph requires no response.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits that Mr. Garner resides in Virginia and that he has an ownership in interest in Liberty, and is employed by the company in a manufacturing capacity. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Defendant admits that she resides in Virginia and is employed by Liberty. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant admits that Liberty is doing business in the judicial district, but denies the remaining allegations in paragraph 11 of the Complaint.

## JURISDICTION

12. Defendant admits that the Court has subject matter jurisdiction of the Trademark and Lanham Act claims, but denies that there is jurisdiction on the Maryland common law claims as alleged in paragraph 12 of the Complaint.

13. Defendant denies that venue is proper in the District of Maryland as alleged in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint is a characterization of the lawsuit and requires no response.

## BACKGROUND FACTS

18. Defendant admits that negotiations were conducted in 2002 and that The Medallion Company, Inc. ("Medallion") was a manufacturer and seller of cigarettes. Defendant denies the remaining allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint. The photocopies in Exhibit 1 are illegible and require no response.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies that the public and trade believe that the KNIGHTS brand originally came from Medallion. Defendant lacks sufficient information to respond to the remaining allegations in paragraph 22 of the Complaint.

23. Defendant admits that Exhibit 3 accurately reflects the positions that Mr. Garner and she held at Medallion. Defendant denies the remaining allegations in paragraph 23 of the Complaint.

24. Defendant admits that Mr. Garner is knowledgeable about the manufacture of cigarettes, but denies the remaining allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant admits that she and Mr. Garner continued to work for the successor to Medallion for a short period after the sale. Defendant denies the remaining allegations in this paragraph.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant lacks sufficient information to respond to the allegations in paragraph 28 of the Complaint. Exhibit 4 requires no response.

29. Defendant lacks sufficient information to respond to the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant admits that she received a severance package, but lacks sufficient information to respond to the remaining allegations in paragraph 31 of the Complaint.

32. Defendant admits that Liberty manufactures KNIGHTS cigarettes and that KNIGHTS cigarettes are sold at Royal Farms stores. Defendant denies the remaining allegations in paragraph 32 of the Complaint.

33. Defendant admits that she was asked to fax an invoice to Vector Tobacco Inc. Defendant denies that there was any shipment of KNIGHTS cigarettes on March 29, 2002. Defendant denies that Exhibit 6 is a complete copy of any facsimile she sent to Vector Tobacco Inc. Defendant lacks sufficient information to respond to the remaining allegations in paragraph 33 of the Complaint.

34. Defendant lacks sufficient information to respond to the allegations in paragraph 34 of the Complaint.

35. Defendant lacks sufficient information to respond to the allegations concerning the content of Liberty's trademark application. Defendant denies the remaining allegations in paragraph 35 of the Complaint.

36. Defendant lacks sufficient information to respond to the allegations in paragraph 36 of the Complaint.

## DEFENDANTS' ACTIVITIES

37. Defendant denies the allegations in paragraph 37 of the Complaint and notes that the photocopies, which are attached as Exhibit 7, are illegible.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

## COUNT I

46. Paragraph 46 of the Complaint is a characterization of the claim which requires no response.

47. Paragraph 47 of the Complaint requires no response.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

## COUNT II

52. Paragraph 52 of the Complaint is a characterization of the claim which requires no response.

53. Paragraph 53 of the Complaint requires no response.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

## COUNT III

58. Paragraph 58 of the Complaint is a characterization of the claim which requires no response.

59. Paragraph 59 of the Complaint requires no response.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

## COUNT IV

64. Paragraph 64 of the Complaint is a characterization of the claim which requires no response.

65. Paragraph 65 of the Complaint requires no response.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

## COUNT V

69. Paragraph 69 of the Complaint is a characterization of the claim which requires no response.

70. Paragraph 70 of the Complaint requires no response.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

## COUNT VI

74. Paragraph 74 of the Complaint is a characterization of the claim which requires no response.

75. Paragraph 75 of the Complaint requires no response.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

## COUNT VII

80. Paragraph 80 of the Complaint is a characterization of the claim which requires no response.

81. Paragraph 81 of the Complaint requires no response.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

**COUNT VIII**

86. Paragraph 86 of the Complaint is a characterization of the claim which requires no response.

87. Paragraph 87 of the Complaint requires no response.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint.

Defendant denies that Plaintiffs are entitled to the relief sought in the Complaint and offers the following:

**AFFIRMATIVE DEFENSES**

1. Neither the Plaintiffs, nor any predecessor entity, used the KNIGHTS trademark or trade dress in commerce.

2. Vector Tobacco Ltd's trademark application, Serial Number 76/395,394, was fraudulently filed, and therefore, is not valid.

3. Neither the Plaintiffs, nor any other entity, purchased the rights to the KNIGHTS trademark or trade dress from Medallion or any other person or entity.

4. The Plaintiffs are not the owners of the KNIGHTS trademark or trade dress.

5. Consumers have not come to associate the mark KNIGHTS exclusively with the Plaintiffs as a single source for cigarettes bearing this mark.

6. The Plaintiffs have abandoned the KNIGHTS trademark and trade dress and therefore, they are not entitled to assert any right, title or interest in the trademark or trade dress.

7. By their conduct, the Plaintiffs have waived any right to the KNIGHTS trademark or trade dress, or any other interest in the KNIGHTS brand.

8. The Plaintiffs are estopped from claiming or asserting any right to the KNIGHTS trademark or trade dress, or any other interest in the KNIGHTS brand.

9. The Plaintiffs have unclean hands and therefore, are not entitled to any equitable relief.

10. The Court lacks personal jurisdiction over Defendant.

**WHEREFORE**, Defendant respectfully submits that the Complaint should be dismissed in its entirety with judgment awarded in its favor and a further award of costs and attorneys fees to Defendant as the prevailing party.

### JURY DEMAND

Defendant hereby demands a jury trial in this matter.

Respectfully submitted,

/John J. McDermott/
John J. McDermott (Bar No. 924803)
Craig A. Koenigs
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
1120 20th Street, N.W.
Suite 700, North Building
Washington, DC  20036-3406
Telephone (202) 973-1200
Facsimile (202) 973-1212
**ATTORNEYS FOR DEFENDANTS,**

## CERTIFICATE OF MAILING

      I, the undersigned, do hereby certify that on this 2nd day of May, 2003, a true and correct copy of the above foregoing Defendant's Answer to Complaint was filed with the Court electronically and served electronically on:

>Charles F. Morgan
>Harry M. Rifkin
>Hodes, Ulman, Pessin & Katz, P.A.
>901 Dulaney Valley Road, Suite 400
>Towson, Maryland  21204-2600

      _____